**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sean M. RAMSEY, Defendant—
Appellant.**

**No. 01–10685.**

**D.C. No. CR–97–40153–DLJ.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Nov. 12, 2002.

Before HAWKINS, GRABER, and
RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM *

Defendant Sean Ramsey appeals his conviction, after his third jury trial, of one count of being a felon in possession of a firearm.[1] We affirm.

Defendant first argues that, at his third trial, the prosecutor elicited perjured testimony from witnesses Ramee and Gray. *See Killian v. Poole,* 282 F.3d 1204, 1208–10 (9th Cir.2002). We are not persuaded. In some respects, the testimony of Ramee and Gray was different at the third trial than it had been at the first two trials, but nothing in the record indicates that their testimony at the third trial was perjured. To the contrary, the record suggests that the most recent testimony likely was the most truthful: This testimony was consis-tent with the witnesses' separate statements to police on the night of the arrest, the two witnesses always have maintained that the gun found in Ramee's purse was Defendant's, and Defendant had threatened the witnesses after his arrest but before their earlier testimony. The presentation of mere inconsistencies is not improper. *United States v. Necoechea,* 986 F.2d 1273, 1281 (9th Cir.1993). Resolving them was properly left to the jury.

Next, Defendant argues that the prosecutor improperly commented, during summation, on Defendant's decision not to testify. *See Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The prosecutor's single comment was isolated and ambiguous (apparently attempting to refer to what Defendant failed to say during a telephone call between Defendant and Ramee, which was presented to the jury by the testimony of other witnesses); the trial court immediately ordered the comment stricken from the record; the comment did not seek or emphasize an inference of guilt from silence as a basis for conviction; and the court gave curative instructions. In the circumstances, reversal is not required. *United States v. Chan Yu–Chong,* 920 F.2d 594, 598 (9th Cir.1990).

Finally, Defendant argues that the "cumulative effect" of the other two errors deprived him of a fair trial. There was no error in eliciting the testimony of Ramee and Gray, and we already have held that reversal is not required due to the prosecutor's arguably improper remark during summation. Thus, there is no additional error that could enhance any prejudice

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See United States v. Ramsey,* No. 99–10116, 2000 WL 429691, 216 F.3d 1085 (9th Cir. Apr.20, 2000) (unpublished disposition), reversing and remanding for a new trial after the second trial. The first trial had resulted in a hung jury. At the third trial, the jury acquitted Defendant of a second count.

flowing from the remark during summation.

AFFIRMED.